UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HASHIM MOHAMMAD HASAN ABDULWAHID,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07672-DAD-CSK (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING MOTION TO PROCEED IN *FORMA PAUPERIS*

(Doc. Nos. 2, 3)

On September 21, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On September 23, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

On September 25, 2026, respondent filed an opposition to petitioner's motion. (Doc. No. 8.) In that opposition, respondent failed to distinguish this case from any of the cases cited in the court's prior order. (*Id.*) Instead, respondent argues that the petition should be dismissed under

the first-to-file rule because petitioner allegedly has an earlier filed habeas petition pending in the United States District Court for the Western District of New York, and thus his motion for temporary restraining order should be denied. (*Id.* at 2–4.) Respondent also argues that petitioner has received three (3) bond hearings but failed to timely appeal any of the adverse decisions rendered at those hearings. (*Id.* at 1.) In response to the opposition, petitioner argues that his detention has become unreasonably prolonged, and that his procedural and substantive due process rights have been violated. (Doc. No. 9 at 3–5.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Jordan who last entered the United States on or about April 16, 2024, at or near Lukeville, Arizona, without inspection, admission, or parole. (Doc. Nos. 1 at 2–3; 8-1 at 2–5.) On or about March 16, 2026, petitioner was first encountered by immigration agents pursuant to a targeted arrest in the State of New York. (Doc. No. 8-1 at 3.) On the day of his arrest and detention by immigration officers, removal proceedings were commenced against petitioner. (*Id.* at 3–4.) Petitioner was also served with a warrant for arrest (Form I-200) and a notice of custody determination (Form I-286). (*Id.* at 5.) On March 21, 2026, petitioner filed his first[1] habeas petition in the Western District of New York. (Doc. No. 8 at 1.); *see also Adulwahid v. Bausch, et al.,* 6:26-cv-06332-JLS (W.D.N.Y. Mar. 21, 2026).[2] In that action, the government conceded that petitioner was detained under § 1226(a) and that he had been afforded three (3) bond hearings before an immigration judge. (*Id.* at 1; 8-2 at 3–4; 8-3 at 1–4; 8-4 at 3–4.)

As a matter of docket efficiency and management and so as to avoid potentially inconsistent rulings on behalf of petitioners with multiple cases, the court applies the "first-to-file" rule, where appropriate. *See WCDS Buyer, Inc. v. Sorab,* No. 8:24-cv-02523-FWS-KES, 2025-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing unnecessary burden on the federal judiciary, and to avoid the

---

[1] The court observes that current petition pending before this court did not disclose petitioner's earlier-filed New York habeas petition.

[2] The undersigned takes judicial notice of the Western District of New York docket. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

embarrassment of conflicting judgments.") (quoting *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.,* 836 F.3d 987 (9th Cir. 2016)). Further, a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982); *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). Under the first-to-file rule, when two (2) qualifying cases are filed in different districts, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d 1048, 1051-52 (9th Cir. 2018) (quoting *Cedars-Sinai Med. Ctr. V. Shalala,* 125 F.3d 765, 769 (9th Cir. 1997).

In applying the first-to-file rule, the court analyzes three (3) factors: the chronology of the lawsuits, similarity of the parties, and similarity of the issues. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (*citing Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991)). Here, there is similarity of parties and issues between petitioner's first and second petitions. However, contrary to respondent's representations, the court notes that the first filed petition has been resolved and that case has been closed. *See Adulwahid v. Bausch, et al.,* 6:26-cv-06332-JLS (W.D.N.Y. Jun. 5, 2026) (text order) (Doc. No. 12). No case is now pending in the Western District of New York. Accordingly, the court finds respondent's argument to lack merit and will decline to dismiss this action on this ground. *See Dahmane v. Warden of Golden State Annex Detention Facility, et al.,* No. 1:26-cv-04870-DAD-AC, 2026 WL 2142646, at *1 (E.D. Cal. Jul. 24, 2026) (declining to apply the first-to-file rule because the earlier petition had been dismissed).

Nonetheless, the court does conclude that petitioner has not yet exhausted his administrative remedies with regard to respondent's determination that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) because he has not yet challenged any of the decisions denying him his release on bond, or availed himself of such procedures to determine his custody by demonstrating materially changed circumstances. *See e.g.*, *Matter of Joseph,* 22

I&N Dec. 799 (BIA 1999); *see also Matter of Ulucoha,* 20 I&N Dec. 133 (BIA 1989) (holding that immigration judges may consider subsequent requests to modify bonds by detained noncitizens without a formal motion to reopen). The court finds analogous and persuasive, and incorporates herein, its prior analysis set forth in *Guiterrez v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-01477 DAD-SCR (HC), 2026 WL 1345869, at *1 (E.D. Cal. May 14, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner reserved his right to appeal, but failed to pursue an appeal. *See also Buckley v. Chestnut,* No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026) (where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained pending).

Here, there are outstanding factual issues that can best be resolved before an immigration judge during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,*488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004). To the extent petitioner argues that there are materially changed circumstances relating to his detention such as his transfer from New York to California, such considerations are properly considered by an immigration judge in the first instance, rather than in habeas proceedings before this court. *See e.g., Matter of Valles,* 21 I&N Dec. 769 (BIA 1997) (clarifying that an immigration judge retains jurisdiction to consider a new bond redetermination request based on materially changed circumstances).

As to petitioner's argument that his due process rights were violated when he was transferred from New York to California without notice or opportunity to be heard, the court finds that this argument lacks merit insofar as the government is authorized to transfer detainees between facilities. 8 U.S.C. § 1231(g)(1); *see* also *Hernandez Roman v. Wolf,* 977 F.3d 935 (9th Cir. 2020) (noting that the government retains discretion over which detainees to transfer or release to other facilities). Additionally, the court rejects petitioner's argument that his continued

detention without a bond hearing violates due process, because the record before the court reflects that petitioner has already had three (3) bond hearings before an immigration judge. (Doc. Nos. 8-2 at 3–4; 8-3 at 1–4; 8-4 at 3–4.) Further, petitioner has failed to make a showing that the currently available statutory and regulatory framework violates procedural or substantive due process. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1003.19; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (finding § 1226(a)'s procedures satisfied due process both facially and as applied to the petitioner in that case); *id.* at 1197–98 (describing procedures and discussing their adequacy); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (noting that "[8 U.S.C. §] 1226(a)" on its face authorizes the detention of aliens during the removal order review process."). Finally, petitioner has failed to provide any other basis upon which his detention could be found to be unauthorized or otherwise in violation of due process. (*Id.*)

For the reasons explained above,

1. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED without prejudice to the renewal of a motion for preliminary relief following a custody redetermination hearing or custody decision on appeal;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED; and
3. The pending petition for writ of *habeas corpus* (Doc. No. 1) is REFERRED to Magistrate Judge Chi Soo Kim for further proceedings.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE